

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HDWEBSOFT CO., LTD., <br>     Plaintiff and Counter-Defendant, <br> v. <br> SKYLAB APPS, INC.; and DOES 1-10 inclusive, <br>     Defendants and Counter-Claimant. | Case No.: 3:17-cv-01081-BEN-JMA <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> [Doc. No. 27.] |

Presently before the Court is a Motion for Leave to File First Amended Complaint by Plaintiff HDWEBSOFT Co., Ltd. ("HDWEBSOFT"). (Doc. No. 27.) Plaintiff now seeks to file a first amended complaint to add Skylab USA, Inc. ("Skylab USA") as a second defendant in this action. Defendant Skylab Apps Inc. ("Skylab Apps") filed an opposition contending amendment is belated, prejudicial, and futile to which Plaintiff Replied. (Doc. Nos. 28-29.) Having reviewed the motion and related filings, the Court determines that the motion is suitable for decision without oral argument. The motion is hereby **GRANTED**.

///
///

## BACKGROUND

On May 25, 2017, HDWEBSOFT[1] filed its initial complaint against Skylab Apps[2]. (Doc. No. 1.) HDWEBSOFT's complaint alleges breach of contract and common counts against Skylab Apps for its alleged failure to pay $220,000 in past-due invoices for HDWEBSOFT's software development services. (*Id.*) Skylab Apps denies the claims and counterclaims against HDWEBSOFT for breach of contract and defamation. (*Id.*)

On February 28, 2018, the Honorable Jan M. Adler issued a Case Management Scheduling Order setting March 12, 2018, as the deadline to add parties or amend the pleadings. (Doc. No. 23 at 1.) All fact discovery was to be concluded by July 2, 2018. (*Id.*) The Final Pretrial Conference is scheduled for March 11, 2019, at 10:30 a.m. before the Honorable Roger T. Benitez.

HDWEBSOFT seeks leave to file its proposed first amended complaint to add Skylab USA, Inc. as a second defendant in this matter.

## **LEGAL STANDARD**

Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), . . . by freely granting leave to amend when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting "the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities."). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v.*

---

[1] HDWESBSOFT is a Vietnamese software developer. (Doc. No. 27-1 at 2.)
[2] Skylab Apps. is a San Diego based app company. (*Id.*)

*Kayport Package Express, Inc.*, 885 F.3d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)).

## DISCUSSION

HDWEBSOFT filed a motion seeking leave to file a First Amended Complaint ("FAC"). In the motion, HDWEBSOFT acknowledges that the Court previously indicated that "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by March 12, 2018." (Doc. No. 27 at 5.) However, HDWEBSOFT explains that it was unaware that Skylab Apps, Inc. had been "dissolved" into Skylab USA, Inc. until it deposed Dean Gray on July 31, 2018.[3] This newly discovered information alerted HDWEBSOFT of the need to amend the Complaint. HDWEBSOFT attempted to address the issue by requesting defense counsel to consent to the filing of an amended pleading on July 31, 2018 which Skylab's counsel declined to do. (*Id.* at 5.) Next, HDWEBSOFT put the issue before the Court at the August 29, 2018 Case Management Conference. (*Id.* at 6.) It was determined that a formal motion was necessary due to the scheduling order's March 12, 2018 amended pleading cut-off date. (*Id.* at 6.) Thereafter, HDWEBSOFT filed the instant motion September 6, 2018.

Skylab Apps argues the Court should deny HDWEBSOFT's motion because the FAC is based on information HDWEBSOFT should have discovered six months ago before the period to amend the pleadings expired. (Doc. No. 28 at 2.) Specifically, HDWEBSOFT "could have performed due diligence by gathering information on the corporate structure of the company it sued at any point in this case." (*Id.*) Moreover, granting the motion at this late stage would prejudice Skylab USA and be futile because Skylab USA had nothing to do with the contract at issue in this case. (*Id.* at 2-3.)

HDWEBSOFT argues amendment is justified because Skylab Apps "'corporate structure' is not really a structure *per se*, but rather just a slippery moving target that can

---

[3] Dean Gray is the CEO of Skylab USA and Skylab Apps. (Doc. No. 27-1 at 5.)

easily allude [sic] both creditors and the judicial system alike." (Doc. No. 29 at 2.) For example, none of Skylab Apps discovery documents or written responses evidenced a business entity called "Skylab USA, Inc." (*Id.* at 3.) HDWEBSOFT also asked Skylab Apps former VP of Development, Bryan Farris about Skylab USA, Inc. (*Id.* at 5.) At his June 29, 2018 deposition, Mr. Farris stated the name Skylab USA, Inc. sounded "familiar," but he did not know the "specifics" of the different entities. (*Id.*) Finally, it was not until HDWESTSOFT deposed Skylab Apps CEO Dean Gray on July 31, 2018 that it was learned that Skylab Apps was dissolved into Skylab USA, Inc. with all Skylab Apps shareholders maintaining their same ownership in Skylab USA, Inc. (*Id.*) As a result, HDWEBSOFT contends further research on its part "was warranted prior to bringing a motion to add Skylab USA, Inc. to the lawsuit." (*Id.*)

The Court notes there is no indication that HDWEBSOFT was acting in bad faith, or that the proposed amendment would be "futile" if granted. Any potential "prejudice" Skylab USA might suffer is minimal at best. Under the circumstances, the Court finds that even with its exercise of due diligence, HDWEBSOFT could not have met the March 12, 2018 deadline to add Skylab USA, Inc. as a second defendant. This information is sufficient to allow an amendment to the Complaint.

Therefore, the Motion is granted.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion is **GRANTED.** The proposed First Amended Complaint, adding Defendant Skylab USA, Inc., is deemed accepted and shall be filed. Plaintiff shall file the First Amended Complaint within three (3) days of the date of this Order.

**IT IS SO ORDERED.**
Dated: November 16, 2018

Hon. Roger T. Benitez
United States District Judge